J. S. MEAD, Appellant, vs. WILLIAM CONSTANS, Respondent.

APPEAL FROM THE DISTRICT COURT OF FARIBAULT COUNTY.

The discovery of evidence, after a trial, which could only be admitted for the purpose of discrediting the testimony of one of the witnesses of the prevailing party, or which could only tend to corroborate the testimony of the other party, or be but cumulative in his favor, is not such newly discovered evidence as would entitle him to a new trial.

Where it appears from the whole case, that a new trial would not be at all likely to change the result, or where there appears evidence sufficient to sustain the verdict, a new trial will not be granted.

Points and authorities of Appellant:

*First.*—The Court below erred in allowing a new trial on affidavits alone. The affidavits should have been accompanied with a case. 7 *Wend. Rep.* 331.

The affidavit of the deponent Burt as to the testimony given on the trial is *hearsay* and is not authority to show, nor does it otherwise appear, that the testimony given on that trial did not cover the points and facts raised by, or contained in the " newly discovered evidence."

*Second.*—Diligence must appear as to the former trial. " The party applying for a new trial on the ground of newly discovered evidence must make his vigilance apparent." *Graham and Waterman on New Trials, Vol.* 1, 472—478; *Ib. Vol.* 3, 1071; *Bond vs. Cutler,* 7 *Mass. Rep.* 205; *Knox vs. Work et. al,* 2 *Binn,* 582, 10 *How. Prac. R.* 261; 1 *Tenn. Rep.* 717.

*Third.*—The newly discovered evidence must not be to supply want of recollection. *Graham and Waterman on new Trials, Vol.* 1, 477; 7 *Mass.* 205, *quoted in* 7 *Barb.* 271.

The Defendant had specific notice in the pleadings, of the issue upon which he seeks to use the new evidence—the complaint setting forth a contract made with him *personally* and special instructions given him in person, and the new evidence

is to supply the want of his recollection of those facts and to avoid the consequences of his own neglect to attend on the trial and contradict the Plaintiff's witnesses.

*Fourth.*—New trials should not be granted on cumulative evidence. *Steinbach vs. the Columbian Insurance Company* 2 *Caines* 129 ; *Smith vs. Brush,* 8 *Johns* 84, 3 *Vt. Rep.* 73, 15 *Johns* 210.

The new evidence is merely in corroboration of the testimony of the Defendant's witness sworn on the trial; and of the entire defence.

*Fifth.*—The newly discovered evidence must be material. *Graham and Waterman on new Trials, Vol.* 1, 463 ; *Porter vs. Talcott,* 1 *Cowen R.* 359, *Gra. Prac.* 511.

But the alleged admissions of the witness Maria Mead as set forth in the affidavit of the deponent Gregory would not be admisible on a new trial for any purpose except to impeach the witness. 1 *Green. Ev. Sec.* 113 *and* 114 *and note* 1 *on page* 137 *and authorities there cited ; Story on Agency* 126, 129 (*note* 2).

*Sixth.*—A new trial should not be granted on newly discovered evidence going to discredit a witness sworn on a former trial. *Duryee vs. Dennison,* 5 *John.* 258, 10 *How. Pr. R.* 297, 3 *Johns.* 255, 4 *Johns.* 425.

*Seventh.*—Newly discovered evidence to be ground for a new trial must be likely to change the result. 3 *Hump. R.* 222, 2 *Miss.* 600.

And where the witness by whom the new testimony is to be given is positively and effectually contradicted so as to convince the Court that his testimony would not change the result, a new trial should 'not be allowed. " So if there appear on the whole, evidence enough to sustain the verdict found," the Court will not interfere and grant a new trial. *Cartwright vs. Bodham,* 11 *Price* 383.

Points and authorities of the Respondent.

*First.*—It is, and ought to be, discretionary with the Judge before whom the action is tried, whether a new trial may be granted or refused upon newly discovered evidence. 3 *Graham on New Trials p.* 1084, 1085, 1086, 1105 ; *Glidden vs.*

*Dunlap* 28 *Maine Rep.* 379 ; *Birland vs. Skinner* 6 *Engl. Ark. Rep.* 671 ; *Fitzgibbon vs. Kinney* 3 *Harr. Rep* 72.

*Second.*—It is apparent from the case here presented, that great injustice has been done and the new trial was granted partially in view of the state of facts upon which the verdict was found.   3 *Graham on New Trials p.* 1064, 1066, 1104 *ib.* 1201 *and* 1202.

*Third.*—The Defendant could not have obtained the testimony newly discovered by the use of reasonable diligence; it was presumptively out of his reach.   3 *Graham on New Trials* 1041 *and* 1042.

*Fourth.*—The newly discovered testimony is neither cumulative nor impeaching.   It is of declarations by the Plaintiff and his agent of other facts inconsistent with the facts testified upon the trial; and although Courts have always been rigid in regulating the discretion to be exercised in the allowance of motions of this character, the cases are uniform in support of the rule granted in this case.     *Vol.* 1 *Graham on New Trials p.* 464–5–6–8–9 *and* 490 :   *Vol.* 3, *Graham on New Trials pp.* 1044 *and cases cited pp.* 1048 *&c.*, 1053, 1063, 1047 *and* 1081: *Warren vs. Hope,* 3 *Green'l.* 479 ; *Doe vs. Roe,* 1 *John's cases* 402 ; *Marshall vs. Union Ins. Co.,* 2 *Wash C. C. R.* 411 ; *Gardiner vs Mitchell,* 6 *Pick* 114 ; *Guyatt vs. Butts,* 4 *Wendell* 479 ; *Jackson vs. Kenney,* 14 *John's Rep.* 186 ; 8 *ib.* 487; *Chatfield vs. Lathrops,* 6 *Pick* 417 ; *Tuttle vs. Cooper* 5 *Pick,* 414 ; *Aiken vs. Bemis,* 3 *Woodbury and Minot* 348 ; *Waller vs. Grover,* 20 *Cowen Rep.* 303 ; *Parker vs. Hanly,* 24 *Pick.* 206 ; *Kane vs. Barrows,* 2 *Smeeds and Marsh* 313 ; *Watts vs. Howard,* 2 *Met.* 478 ; *Kirly vs. Waterford,* 14 *Vt.* 414 ; *Sargent vs.* ———— 5 *Cowen* 106 ; *Barker vs. French* 18 *Vt.* 460.

*Fifth.*—The application could only be made on affidavit. *Compiled Statutes p.* 564, *Sec.* 60.

*Sixth.*—The Statute which authorizes an appeal in these cases is extraordinary, and a case of great hardship will be required to reverse an order, which merely sends parties back for a new trial.   There are no analagous authorities.

PAULDING & AUSTIN, Cousel for Appellant.

JOHN B. BRISBIN, Counsel for Respondent.

*By the Court.*—EMMETT, C. J. This is an appeal from an order of the District Court, granting a new trial to the Defendant, on the ground of newly discovered evidence.

The action was brought against the Defendant as a Forwarding and Commission merchant, doing business in the City of St. Paul, to recover damages alleged to have been sustained by reason of his negligently and carelessly forwarding, contrary to his express stipulation, and the orders and direction of the Plaintiff, certain household goods and furniture, belonging to the Plaintiff, and which the Defendant had received on consignment.

The Defendant admitted receiving the property, but denied any order or direction of the Plaintiff concerning it or any stipulation on his, the Defendant's part, to retain it until sent for, as claimed by the Plaintiff; and alleged that he received it in the ordinary course of his business, and duly forwarded it towards the destination marked on the packages containing it. He further denied all knowledge of the contents or value of the packages.

On the trial the case seems to have turned principally on the question, as to whether or not the Plaintiff's wife had directed the Defendant to retain the property, after it arrived at St. Paul, until sent for by the Plaintiff. We have not before us the testimony as it was delivered, but judging from the abstract of the affidavits used on the motion for a new trial, we infer that the wife of the Plaintiff testified among other things, that she, as the agent of her husband, directed the defendant to retain the property in his possession, until it was sent for. This appears to have been all the testimony offered, touching that point, except that the Plaintiff himself, swore that the Defendant had, in conversation, admitted to him that he had received instructions, to that effect from the Plaintiff's wife. The Defendant was not sworn as a witness, to contradict or deny these statements, nor does he appear to have offered any testimony touching them. The only witness offered by him was one James W. Stevenson, who testified that packages supposed to contain the goods in controversy, were received by the Defendant on the 20th of Sept. 1856, and shipped the next day towards their destination.

The Jury found for the Plaintiff, and the Defendant afterwards moved for a new trial on affidavits of newly discovered testimony, which are in substance as follows :

Cramer Burt, one of the Defendant's Attorneys, swears that he learned after the trial, from one Ebenezer Raymond, a half brother of the Plaintiff, that he, Raymond, would testify that the Plaintiff had said, that the property in question was marked for Mankato, and that he had looked for them at that point, and that the wife of the Plaintiff had declared that she had directed the Defendant to forward them to Mankato. But further states that Raymond refused to make affidavit himself, of these facts, because he said the Plaintiff had made divers threats against him in case he divulged anything concerning the litigation ; but he referred to one Wm. Gregory and one Catharine Rose, as persons having a knowledge of facts important to the defence.

Catharine Rose states in her affidavit that the Plaintiff's wife had told her that she directed the Defendant to forward the goods to Mankato, and that the family bible, and certain chairs, which were part of said property, had cost, the former $6, and the latter $1 each.

Wm. Gregory swears that when the wife of the Plaintiff was on her way to join her husband, she stopped at his house, and told him that she had expected to find her goods at St. Paul, in advance of her arrival, and had directed the Defendant to forward them when they did arrive, to Mankato, the destination marked on the boxes ; and that she then requested witness to watch for them at that place and notify Plaintiff of their arrival. He also states that the Plaintiff, after the month of September, 1856, had called on him, stating that he was in quest of his goods, and expected to find them at Mankato.

It is observable that all that is contained in these several affidavits merely tend to show that the Plaintiff by his agent, the wife, had directed the property to be forwarded to Mankato, a fact which, if it existed, must have been known to the Defendant from the beginning, and which he could have sworn to on the trial ; yet the Defendant did not make any such defence nor did he testify to any such thing. His defence is simply

that he was not directed to retain the goods at Saint Paul, as alleged in the complaint, and that he received and forwarded them without direction, other than what appeared by the marks on the packages. He did not claim in answer that he had forwarded them according to the directions of the Plaintiff's wife; nor does he make an affidavit now that such was the fact. The only effect then that such testimony if known and admitted at the trial could have had on the issues presented by the pleadings, would have been to throw discredit on the testimony of one of the Plaintiff's witnesses. And even then such testimony could not have been admitted without first asking the witness whether she had so stated, in order to give her an opportunity to explain. If she had admitted making such declarations, the Defendant could not have introduced this testimony, and if she had denied them, it is very doubtful whether the Defendant would not have been bound by her answer. It is evident, however, that the admissions of the witness, should a new trial be granted, could in no event be admitted, except for the purpose of discrediting her testimony. But the discovery of testimony of such a character, is not sufficient to warrant a new trial. And as to the alleged declarations of the Plaintiff, that he expected to find his goods at Mankato, and was then in quest of them at that place, the only effect they could properly have upon the issues joined, would be to corroborate the testimony of the Defendant, which was offered to show that the goods were forwarded according to the marks on the packages, without any directions from the Plaintiff; or the proof of such declarations, would at best be but cumulative evidence for the Defendant. Whichsoever way we may view it, whether as merely cumulative or corroborative of the evidence offered on the former trial, it does not entitle the Defendant to a new trial. The authorities cited by the Plaintiff on these points are all in harmony with the current of decisions and fully sustain the doctrine contended for.

There is, however, another remarkable feature of this case, which ought not perhaps to be passed, although we might safely rest the decision, on the points already alluded to. Every material fact stated in the affidavits used by the Defendant on

the motion for a new trial, is flatly contradicted by affidavits read in resisting the motion; and, judging from the affidavits alone, may be said to have been fully disproved by the weight of testimony. The statement in Burt's affidavit, in regard to the conversation with Raymond, and what Raymond was willing to swear to if called upon, are wholly denied by Raymond, who says he never made any such statements to Burt; that he cannot swear that any such declarations were made .by the Plaintiff or his wife; that he knows nothing of the matter of his own knowledge; that the Plaintiff never made any such threats as Burt states, or threats of any kind; and that he never referred Burt to the witnesses Gregory and Rose. Catharine Rose makes another affidavit directly denying that the Plaintiff's wife ever told her that she had directed the Defendant to forward the goods to Mankato, as stated in her former affidavit; and on the contrary says that she, Plaintiff's wife, told her that she had directed Defendant to hold the goods until they were sent for.

Mrs. Mead, the wife of the Plaintiff, denies ever having told Gregory that she desired the Defendant to forward the goods to Mankato, as he has stated, and says that the only conversation she had with him on the subject was in the presence of her daughter, Mary Kisby; and Mary Kisby in her affidavit says she recollects the conversation, and that her mother told Gregory that she had directed the Defendant to retain the goods until they were sent for. The Plaintiff also makes an affidavit denying that he made the declaration stated in Gregory's affidavit, and states other facts tending to show that Gregory had long been his enemy, and made the affidavit for the purpose of injuring him, knowing the statement therein to be false.

It is apparent to all, from this recapitulation, that the volume of testimony is largely against the facts alleged in the affidavits used in support of the motion, and that with such evidence as this, a new trial would not be at all likely to change the result, even if the alleged newly discovered evidence were of such a character, as would otherwise entitle the Defendant to a new trial. And where such is the case, or

there appears, on the whole, evidence sufficient to sustain the verdict, we think the Court ought not to interfere.

The order granting a new trial is reversed.